UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MIGUEL MARTINEZ, :
:
Plaintiff, :
: **MEMORANDUM & ORDER**
-against- : 17-CV-5693 (DLI)(VMS)
:
I.C. SYSTEMS, :
:
Defendant. :
------------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

Miguel Martinez ("Plaintiff") filed a complaint in Queens County Civil Court on August 23, 2017, against I.C. Systems ("Defendant") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, specifically under 15 U.S.C. §§ 1692e and 1692g. *See generally*, Complaint ("Compl."), Dkt. Entry No. 1-2. On September 28, 2017, Defendant timely removed the case to this Court. *See*, Notice of Removal, Dkt. Entry No. 1. On October 23, 2017, Defendant moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See generally*, Def.'s Mem. of Law ("Def.'s Mem."), Dkt. Entry No. 4-1. Plaintiff opposed Defendant's motion.[1] *See generally*, Pl.'s Mem. of Law in Opp'n ("Pl.'s Opp'n"), Dkt. Entry No. 6. Defendant replied to Plaintiff's opposition. Def.'s Reply Mem. of Law ("Def.'s Reply"), Dkt. Entry No. 7. For the reasons set forth below, Defendant's motion is granted.

## BACKGROUND

This case arises out of a single phone call initiated by a third-party representative on behalf of a consumer with a consumer debt collector. Plaintiff alleges that, on October 30, 2016, he sought credit assistance from a friend, Ms. Whitney Reyes ("Reyes"). Compl. at ¶ 10. Previously,

---

[1] None of Plaintiff's case citations contain pin cites. Plaintiff's lack of pin cites in his briefing papers made it difficult for the Court to discern the pertinent propositions of law that Plaintiff relies upon.

Defendant had begun efforts to collect a debt from Plaintiff, through "written" communications, the nature of which are not specified in the Complaint. *Id.* at ¶ 7. On October 31, 2016, Plaintiff and Reyes called Defendant and were connected to "Paul," a representative for Defendant ("Defendant's Representative"). *Id.* at ¶ 12. Once connected, Plaintiff verified that he had authorized Reyes to speak on his behalf. *Id.* at ¶ 13. Defendant's Representative allegedly then "proceeded to rush" through an "indecipherable" announcement, in which Plaintiff recalled him saying: "I have to say call may be recorded attempt to collect debt." *Id.*

Reyes then notified Defendant's Representative that Plaintiff wanted to dispute the balance that was being claimed. *Id.* at ¶ 14. Defendant's Representative responded that Plaintiff needed to write a letter of dispute to Defendant as the verbal notification given by Reyes to Defendant's Representative was insufficient. *Id.* at ¶ 15.

Plaintiff alleges that Defendant's Representative's responses during the October 31, 2016 phone call violated 15 U.S.C. §§ 1692e and 1692g of the FDCPA, which prohibit the use of any false, deceptive, or misleading representations in connection with the collection of a debt. *See generally*, Compl.; 15 U.S.C § 1692. Defendant counters that Reyes is a sophisticated third-party representative, and, therefore, Plaintiff is not afforded the layman protections of the FDCPA. Def.'s Mem. at 7. Defendant further argues that Plaintiff's claims should be dismissed because the alleged false or misleading communications at issue were initiated by Reyes, a third party. *Id.*

In turn, Plaintiff contends that the communications between Defendant and Reyes violated the FDCPA, even if the communications were initiated by Reyes, because the phone call was in response to a written communication sent by Defendant. Pl.'s Opp'n at 4-5. Plaintiff further maintains that, even though Reyes is knowledgeable regarding debt collection procedures, Defendant is not shielded from liability, as the statements still violated the statute. *Id.*

2

**DISCUSSION**

I. **Legal Standard**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must "state a claim of relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). The plausibility standard "does not require 'detailed factual allegations,' but it demands more than [] unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). *Iqbal* requires more than "'a formulaic recitation of the elements of a cause of action.'" *Id.* at 681 (quoting *Twombly*, 550 U.S. at 555). Where a complaint pleads facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted). On a motion to dismiss, the court accepts as true all well pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *LaFaro v. New York Cardiothoracic Grp., PLLC*, F.3d 471, 475 (2d Cir. 2009) (citations and internal quotation marks omitted).

II. **Analysis**

Section 1692e of the FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. In analyzing whether a debt collector has violated this section against consumers, courts use an objective test based on the "least sophisticated consumer." *Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 90 (2d Cir. 2008) (citing *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)). This standard "ensure[s] that the statute protects the gullible as well as the shrewd," but "carefully preserve[s] the concept of reasonableness," and "protects debt collectors from unreasonable constructions of their communications." *Id.* (citing *Clomon*, 988 F.2d at 1318-20).

The Second Circuit has held that § 1692e includes a materiality requirement. *See*, *Cohen*

*v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 86 (2d Cir. 2018). "A statement is material if it is capable of influencing the decision of the least sophisticated consumer." *Id.* (internal citations omitted). However, the Second Circuit has been reluctant to "extend the FDCPA's protections to third parties." *See*, *Sandoval v. I.C. Sys.*, 2018 WL 1582218 at *3 (E.D.N.Y. Mar. 29, 2018).

Here, Defendant argues that Plaintiff is not afforded the protections of the FDCPA because: (1) the communications at issue made by Defendant were to a third-party representative knowledgeable in debt collection practices; and (2) Reyes initiated the call, and, therefore, FDCPA protections do not apply. Def.'s Mem. at 7. As proof Reyes is a professional third-party representative, Defendant cites to cases where Reyes was referred to as a professional debt counselor by Plaintiff's counsel. *Id.* Plaintiff does not appear to dispute that Reyes is a professional debt counselor in his briefing. Instead, he contends that Reyes's knowledge about debt collection practices should be irrelevant to the analysis of Defendant's alleged violation of the FDCPA. *See generally*, Pl.'s Opp'n.

Section 1692c(b) of the FDCPA governs communications with third parties regarding matters of debt collection. The statute states that, "a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." *See*, 15 U.S.C. § 1692c(b). Importantly, § 1692c(b) does not distinguish between an attorney-at-law and an attorney-in-fact, the latter being, "one appointed pursuant to a power of attorney." *See*, *Robinson v. I.C. Sys., Inc.*, 2016 WL 6462278 at *2 (E.D.N.Y. Nov. 1, 2016).

As noted above, the Second Circuit has been reluctant to extend the FDCPA's protections to third parties. *See e.g.*, *Kropelnicki v. Siegel*, 290 F.3d 118, 127 (2d Cir. 2002) ("[T]his Court's treatment of the FDCPA in other cases leads us to believe that alleged misrepresentations to

4

attorneys for putative debtors cannot constitute violations of the FDCPA.").

The parties dispute Reyes' status in relation to Plaintiff. Defendant attempts to show Reyes is a professional third-party representative by proffering a case in which Plaintiff's counsel, representing a different plaintiff, had explicitly identified Reyes as a professional debt counselor working for Asset Protection Management, a debt counseling agency. Def.'s Mem. at 2-3; *See*, *Acevedo v. Pinnacle Credit Servs., L.C.C.*, 2017 WL 658715 at *1 (S.D.N.Y. Feb. 14, 2017) ("On July 20, 2015, Whitney Reyes . . . an Asset Protection employee, called [d]efendant . . . .").

Nonetheless, the Court cannot rely on Defendant's proffer. In reviewing a 12(b)(6) Motion to Dismiss, "the court [must] limit its consideration to: (1) the factual allegations in the complaint; (2) documents attached to the complaint as exhibits or incorporation in it by reference; (3) matters of which judicial notice may be taken; and (4) documents that are 'integral' to the complaint." *Luna v. N. Babylon Teacher's Org.*, 2014 WL 1378816 at *3 (E.D.N.Y. Apr. 7, 2014) (citing *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)). However probable it may be that Reyes is a professional third-party representative for debt collection matters, the Court cannot look beyond the allegations of the Complaint for additional factual material. In order to do so, Defendant should have moved for summary judgment. *See*, *Robinson*, 2016 WL 6462278, at *3.

Nevertheless, Plaintiff's allegations fail to state a claim. Under the Second Circuit's materiality requirement, "'mere technical falsehoods that mislead no one' are immaterial and consequently not actionable under § 1692e." *Cohen*, 897 F.3d at 86 (citing *Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010)).

Allegations thirteen and fifteen are the only allegations of deceptive communications in the Complaint. Plaintiff fails to allege adequately how the purported statements impaired Plaintiff from paying the debt or challenging the debt. In allegation thirteen, Plaintiff contends that an "indecipherable announcement" made by Defendant's Representative stating that "call may be

5

recorded attempt to collect debt" was false, deceptive, and misleading. Compl. at ¶ 13. However, Plaintiff fails to indicate how this statement was false, deceptive, misleading, or material, in any way. Nothing is alleged by Plaintiff to show any relationship between this pronouncement and the collection of the debt. This allegation is immaterial as a matter of law. *See*, *Cohen* 897 F.3d at 86.

In allegation fifteen, Plaintiff alleges that Defendant's Representative refused to accept the verbal dispute of the debt made by Plaintiff. Compl. at ¶ 15. Plaintiff cites to *Clark v. Absolute Collection Service, Inc.*, 741 F.3d 487 (4th Cir. 2014), to contend that Defendant's Representative's communications declining to accept a verbal dispute *per se* violated the FDCPA. Compl. at ¶ 18. Section 1692g(a) of the FDPCA is a list of disclosures that must be provided by the debt collector to the consumer within five days of its initial communication to collect a debt. *See generally*, 15 U.S.C. § 1692g(a). As relevant here, § 1692g(a)(3) requires that:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing . . . a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

15 U.S.C. § 1692g(a)(3) (emphasis added).

In *Clark*, the Fourth Circuit extended the Second Circuit's holding in *Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013), that consumers need not provide written notice to dispute the validity of a debt under the plain language of § 1692g(a)(3). *Clark*, 741 F.3d at 490. However, at issue in *Hooks* and *Clark* was that the letter sent by the debt collector stated that a dispute for the validity of the debt must be in writing. *See*, *Hooks*, 717 F.3d at 283; *Clark*, 741 F.3d at 489. Courts applying *Hooks* have confined their analysis to whether the notice provision of a letter sent by a debt collector complies with the requirements of § 1692g(a)(3). *See*

6

*e.g.*, *Thomas v. Midland Credit Mgmt., Inc.*, 2017 WL 5714722, at *6 (E.D.N.Y. Nov. 27, 2017) ("disputed language in the [d]efendant's letter"); *Kagan v. Selene Fin. L.P.*, 210 F. Supp.3d 535, 543 (S.D.N.Y. 2016) ("[p]laintiff alleges that the [n]otice fails to comply with § 1692g"); *Abramov v. I.C. Sys., Inc.*, 54 F. Supp.3d 270, 276 (E.D.N.Y. 2014) ("nothing in the [l]etter is inconsistent with the interpretation of the FDCPA"); *Lotito v. Recovery Assocs. Inc.*, 2014 WL 4659464, at *10 (E.D.N.Y. Sept. 17, 2014) ("plaintiff cannot state a plausible claim that the . . . letter violated [§] 1692g(a)(3) of the FDCPA.").

The protections of § 1692g(a)(3) do not extend to Plaintiff's phone call because "courts in this circuit have held that the FDCPA's protections are not triggered by communications by someone other than the debt collector." *Sandoval*, 2018 WL 1582218, at *3 (quoting *Hawkins-El v. First Am. Funding, LLC*, 891 F. Supp.2d 402, 411 (E.D.N.Y. Sept. 19, 2012)) (internal quotation marks omitted) (citing *Derisme v. Hunt Leibert Jacobson P.C.*, 880 F. Supp.2d 311, 329 (D. Conn. July 23, 2012) (quoting *Boyd v. J.E. Robert Co.*, 2010 WL 5772892, at *13 (E.D.N.Y. Mar. 31, 2010))).

Plaintiff cites to *Pipiles v. Credit Bureau of Lockport, Inc.*, 886 F.2d 22 (2d Cir. 1989) and *Rabideau v. Mgmt. Adjustment Bureau*, 805 F. Supp. 1086 (W.D.N.Y. July 2, 1992) to support his argument that the FDCPA protects communications that are initiated by a plaintiff. Pl.'s Opp'n at 5. However, these cases clearly are distinguishable. In *Pipiles* and *Rabideau*, the defendant debt collectors sent deceptive and misleading letters to the plaintiffs. *Pipiles*, 886 F.2d at 24; *Rabideau*, 805 F. Supp. at 1088-89. In those cases, it was the deceptive letter that was at issue, not a subsequent telephone call initiated by the plaintiff.

Here, Plaintiff takes no issue with any correspondence sent by Defendant. Plaintiff is not afforded the protections of the FDCPA because Plaintiff initiated the communications with the debt collection agency by way of a telephone call and does not allege Defendant's correspondences

were misleading.  *See*, *Hawkins-El*, 891 F. Supp.2d at 411 (internal quotation marks omitted).

Accordingly, Plaintiff's claims under § 1692e and § 1692g are dismissed.

## **CONCLUSION**

For the reasons set forth above, Defendant's motion is granted, and the Complaint is dismissed with prejudice.  Any motions for attorney's fees are to be filed on or before April 30, 2019.

SO ORDERED.

Dated: Brooklyn, New York  
       March 31, 2019

/s/  
DORA L. IRIZARRY  
Chief Judge